

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    ) Case No. 06-23266
                                         )
LESLIE TURNER,                           ) MC No. WGM-1
                                         )
            Debtor.                      )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed her voluntary chapter 7 petition on August 24, 2006. She scheduled real property commonly known as 10609

West Saratoga Place, Littleton, CO 80127 ("property") as property of the estate. The first meeting of creditors was held on September 22, 2006. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. Debtor was discharged from all dischargeable debts on November 29, 2006.

On November 21, 2006, Washington Mutual Bank ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $240,000.00. Movant has a lien on the property in the approximate amount of $227,494.86. There are other liens against the property in the approximate amount of $31,000.00.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

### Conclusions of Law

The automatic stay of acts against debtor *in personam* expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to

1 a stay of an act against property, debtor does not have equity
2 in the property, § 362(d)(2)(A), and the property is not
3 necessary to an effective reorganization. 11 U.S.C. §
4 362(d)(2)(B). The issue of whether the property is necessary
5 to an effective reorganization is not considered in a chapter 7
6 case because no reorganization is contemplated in a chapter 7
7 case.

    Although the debtor does not appear to have any equity in the property, since the debtor was granted a discharge, the automatic stay has expired as to the debtor. Thus, the motion insofar as it is directed at the interest of the debtor is moot and will be denied.

    However, the motion will be granted as to the interest of the trustee.

    An appropriate order will issue.

    Dated: December 15, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

Case 06-23266    Filed 12/18/06    Doc 54

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Leslie E. Turner
3749 Sudbury Road
Cameron Park, CA 95682

Brian L. Coggins
9001 Foothills Blvd., #110
Roseville, CA 95747

William G. Malcolm
Kevin Hahn
Malcom Cisneros, A Law Corporation
2112 Business Center Drive, 2nd Floor
Irvine, CA 92612

John R. Roberts
P.O. Box 1506
Placerville, CA 95667

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 12/19/06

*Marilyn Rigsby*
Deputy Clerk